IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 16-00235-CV-W-ODS |
| PRECISE CONCRETE, LLC, | ) ) | |
| Defendant. | ) | |

<u>ORDER AND OPINION GRANTING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>

Pending is Plaintiffs' motion for summary judgment. Doc. #27. For the following reasons, the motion is granted, and summary judgment is entered in Plaintiffs' favor.

## I.    BACKGROUND

Plaintiffs[1] bring this action against Defendant Precise Concrete, LLC. Doc. #9. Plaintiffs allege Precise Concrete violated the Employee Retirement Income Security Act ("ERISA") by failing to pay employee benefit funds due for employees covered by collective bargaining agreements.

On October 1, 2014, Precise Concrete entered into a labor agreement stipulation binding Precise Concrete to the collective bargaining agreements between the Builders Association of Missouri and Carpenters District Council of Greater St. Louis. Doc. #28,

---

[1] Plaintiffs are Carpenters District Council of Kanas City Pension Fund; Keith Winn and Donald Greenwell, Trustees of the Carpenters District Council of Kansas City Pension Fund; Carpenters' Health and Welfare Trust Fund of St. Louis; Dennis Joyce and James Carson, Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis; Carpenters Vacation Trust Fund of St. Louis; Albert Bond and Renee Bell, Trustees of the Carpenters Vacation Trust Fund of St. Louis; Carpenters' Joint Training Fund of St. Louis; Albert Bond and Renee Bell, Trustees of the Carpenters' Joint Training Fund of St. Louis; and St. Louis-Kansas City Carpenters Regional Council. Doc. #1; Doc. #9. When necessary and for ease of reference, St. Louis-Kansas City Carpenters Regional Counsel will be referred to as the "Union," and the remaining Plaintiffs will be referred to as "Plaintiff Funds."

at 6; Doc. #33, at 2; Doc. #33-3. Precise Concrete was required to pay employee benefit plan contributions on behalf of its carpenter employees to Plaintiff Funds from October 1, 2014, through April 19, 2016. Doc. #28, at 6; Doc. #33, at 2-3; Doc. #33-4. Precise Concrete's carpenter employees performed work covered by the collective bargaining agreement during that period of time, but Precise Concrete failed to make employee benefit contributions on behalf of its carpenter employees. Doc. #28, at 6-7; Doc. #33, at 3.

Wilson McShane Corporation ("WMC") conducted an audit of the unpaid contributions, union dues, liquidated damages, and interest due for the period of October 1, 2014, through May 31, 2015. Doc. #28, at 9; Doc. #32. WMC found Precise Concrete failed to pay fringe benefit contributions in the amount of $25,109.10, and failed to pay union dues in the amount of $2,084.20. Doc. #28, at 10; Doc. #32, at 1-2; Doc. #31-1; Doc. #32-2. Construction Benefits Audit Corporation ("CBAC") performed four subsequent audits covering contributions owed by Precise Concrete on the Oak Point Redevelopment Project, Rose Hill Town Homes, Centerville Cottage, and St. Michael's Housing. Doc. #28, at 9-10; Doc. #29. CBAC found Precise Concrete failed to pay fringe benefit contributions in the amount of $27,107.89, and failed to pay union dues in the amount of $2,244.79. Doc. #28, at 10-12; Doc. #29, at 1-2; Doc. #29-1; Doc. #29-2; Doc. #29-3; Doc. #29-4; Doc. #29-5.

Pursuant to the agreement, Precise Concrete also agreed to pay liquidated damages for unpaid contributions as well as costs associated with any audits, interest, attorneys' fees, and costs. Doc. #28, at 12; Doc. #30, at 3; Doc. #32-3; Doc. #33, at 3; Doc. #33-2, at 13-14. According to the audit conducted by WMC, Precise Concrete is liable to Plaintiff Funds for liquidated damages in the amount of $465.40, and interest in the amount of $191.77. Doc. #28, at 12-13; Doc. #32, at 2. Plaintiff Funds incurred $4,295.00 in audit costs. Doc. #28, at 13-14; Doc. #29, at 2; Doc. #32, at 3. And Plaintiff Funds also incurred $8,287.88 in attorneys' fees and costs. Doc. #28, at 14; Doc. #31; Doc. #31-1.

On December 28, 2016, Plaintiffs filed a motion for summary judgment, seeking summary judgment in its favor on all claims. Doc. #27. Defendant failed to timely respond to the motion. On January 20, 2017, the Court issued an order directing

2

Precise Concrete to show cause as to why Plaintiffs' motion should not be granted. Doc. #34. The Court also informed Precise Concrete that if it failed to respond to Plaintiffs' statements of fact, those facts would be deemed admitted for purposes of summary judgment. *Id.* Precise Concrete's response was due by February 17, 2017. *Id.* To date, Precise Concrete has not submitted anything in response to the Court's Order. Plaintiffs' motion for summary judgment is ripe for consideration.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Because Precise Concrete failed to controvert the facts set forth by Plaintiffs in support of Plaintiffs' summary judgment motion, the facts supported by the record are deemed admitted for the purpose of summary judgment. L.R. 56.1. When a party fails to address another party's assertion of fact in a motion for summary judgment, the Court may "grant summary judgment if the motion and supporting materials – including the facts undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

### III. DISCUSSION

Plaintiff Funds are trust funds established pursuant to 29 U.S.C. § 302, and the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). They bring a cause of action pursuant to ERISA for enforcement of a collective bargaining agreement requiring contribution to Plaintiff Funds pursuant to ERISA. 29 U.S.C. § 1145.

As set forth in section I, it is undisputed that Precise Concrete was bound by the collective bargaining agreements. Precise Concrete agreed to pay and contribute to Plaintiff Funds various sums per hour for each carpenter employee covered by and subject to the agreement between October 1, 2014, and April 19, 2016. Precise Concrete employed carpenter employees between October 1, 2014, and April 19, 2016, but failed to pay employee fringe benefit contributions and unpaid dues on behalf of its employees. The Court finds Plaintiffs are entitled to summary judgment on their claims.

Pursuant to 29 U.S.C. § 1132, the Court "shall award the plan" unpaid contributions, attorneys' fees and costs, and an amount equal to the greater of interest on the unpaid contributions or liquidated damages. 29 U.S.C. § 1132(g)(2)(A)-(D). It is undisputed that Precise Concrete failed to pay $52,216.99 in unpaid contributions and $4,328.99 in union dues. The Court finds Plaintiff Funds are entitled to recovery of these unpaid contributions and union dues.

Plaintiff Funds are also entitled to recovery liquidated damages. 29 U.S.C. § 132(g)(2)(C)(i)-(ii). Here, it is undisputed that the interest on the unpaid contributions is $191.77, and the liquidated damages are $465.40. The Court finds Plaintiff Funds are entitled to recover these liquidated damages.

Plaintiff Funds are permitted to recovery their reasonable attorneys' fees and costs associated with bringing this action. 29 U.S.C. § 1132(g)(2)(D). Plaintiff Funds represent they have collectively incurred $7,352.20 in attorneys' fees, and $935.68 in costs. The Court has reviewed the affidavit and time entries submitted by Plaintiff Funds' counsel, as well as the costs incurred by Plaintiff Funds. The Court finds the attorneys' fees sought are reasonable, and the costs were appropriate. Thus, Plaintiff Funds is entitled to recover $8,2887.88 in attorneys' fees and costs.

Finally, pursuant to the agreement, Precise Concrete is also liable for the costs of the audits, which was $4,295.00, and interest in the amount of $191.77. The Court finds Plaintiff Funds are authorized to recovery of the costs of the audit and interest.

## IV. CONCLUSION

For the foregoing reasons, the Court enters summary judgment in favor of Plaintiffs and against Precise Concrete in the amount of $52,216.99 for unpaid contributions, $4,328.99 for unpaid union dues, $465.40 for liquidated damages, $8,287.88 for attorneys' fees and court costs, $4,295.00 for audit costs, and $181.77 for interest, for a total judgment of $69,786.03.

IT IS SO ORDERED.

                                                   /s/ Ortrie D. Smith
                                                   ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 15, 2017                      UNITED STATES DISTRICT COURT